IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLEEN CORRADO, PERSONAL                :
REPRESENTATIVE OF THE ESTATE              :
OF JOHN M. CORRADO, et al.
                                          :
     v.                                   : Civil Action No. DKC 08-0015

LIFE INVESTORS OWNERS                     :
PARTICIPATION TRUST AND PLAN,
et al.                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, is the combined motion for relief from judgment and to alter or amend filed by Plaintiffs. (ECF No. 71). The issues have been fully briefed and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion for relief from judgment will be granted and Plaintiffs' motion to alter or amend will be denied.

**I.  Background**

In a memorandum opinion and accompanying order issued on March 11, 2011, Defendants' motion for summary judgment was granted and judgment was entered in favor of Defendants and against Plaintiffs on all counts. (ECF Nos. 69 and 70). An

explanation of the factual and procedural background is located therein. On page eight of the memorandum opinion, the court stated that by July 3, 2007, "Life Investors claims the principal debt plus interest owed by Plaintiffs was $1,309,706.84." (ECF No. 69, at 8). The amount actually stated by Life Investors in its memorandum in support of its motion for summary judgment was $1,039,706.84. (*See* ECF No. 60-1 ¶ 44). The court inadvertently transposed the numbers in the sum and this error was repeated in footnote two of the memorandum opinion. (ECF No. 69 at n.2).

On March 25, 2011, Plaintiffs filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(a) and a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). (ECF No. 71). Plaintiffs seek to have the court correct the typographical error regarding the amount of claimed debt plus interest owed by Plaintiffs in 2007 pursuant to Rule 60, and then argue that the court's reliance on that incorrect sum for the amount of debt owed in 2007 led it to reach conclusions in the remainder of the opinion and order that were clearly erroneous and thus the rest of the decision should be revisited as well. (ECF No. 71-1, at 2-3). Defendants agree that the opinion should be amended to correct the typographical error,

but oppose Plaintiffs' motion to alter or amend pursuant to Rule 59. (ECF No. 72).

**II. Motion For Relief From Judgment or Order Pursuant to Fed.R.Civ.P. 60(a)**

Plaintiffs first move for relief from judgment pursuant to Fed.R.Civ.P. 60(a) in order to have the court correct its typographical error in stating the debt Defendants claimed they were owed in 2007. Fed.R.Civ.P. 60(a) provides:

> the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Rule 60 is properly utilized to complete ministerial tasks, but not to revisit the underlying merits of an issue. *See Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994).

The typographical error noted by Plaintiffs is a proper target of a Rule 60(a) request and Plaintiffs' motion in this regard will be granted.

**III. Motion to Alter or Amend Pursuant to Fed.R.Civ.P. 59(e)**

**A. Standard of Review**

Courts have recognized three limited grounds for granting a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change

3

in controlling law; (2) to account for new evidence not available at the time of the prior ruling; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). "A motion to reconsider is not a license to argue the merits or present new evidence." R*GI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992). To the contrary, it is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403. Mere disagreement with the court's decision will not result in granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F.Supp.2d 407, 408 (D.Md. 2002).

**B. Analysis**

Plaintiffs argue that once the amount of debt that Plaintiffs owed in 2007 is corrected, the court must revisit its conclusion that the debt owed exceed the balance in Plaintiffs' OPT accounts in 2007 and the subsequent conclusions that

4

Defendants had not breached their fiduciary duties or otherwise violated provisions of ERISA. (ECF No. 71-1, at 3-4). Defendants argue in response that the typographical error did not affect any of the court's substantive rulings. (ECF No. 72, at 4). Defendants further note that their refusal to make any distributions to Plaintiffs from their OPT accounts in 2007 was because the balance of the accounts was less than the amount of "unsettled debt" owed, whereas the amount of debt plus interest it requested in the Illinois action, and which was referenced in the memorandum supporting its motion for summary judgment and repeated by the court, was pursuant to the parties' settlement agreement. (*Id.* at 3-4).

The typographical error identified by Plaintiffs does not alter any of the substantive rulings in the March 11, 2011 Memorandum Opinion and Order. Plaintiffs' level of indebtedness to Defendants in 2007 and whether that amount was in excess of the balance of their OPT accounts was not a determining factor for the summary judgment decision. Plaintiffs' claims in counts I-IV for breaches of fiduciary duties established by ERISA were denied because Plaintiffs did not establish a breach of any duties. Notably, Plaintiffs could not demonstrate that the Plan division in 2003 was illegal, and Plaintiffs could not demonstrate the falsity of the statement that "[t]he value of

5

the assets in Plaintiffs' accounts did not change with the division, nor did Defendants' position with respect to their ability to access funds in those accounts to satisfy debts Plaintiffs owed to participating companies change." (ECF No. 69, at 26-27). Plaintiffs still do not argue that the value of their Plan assets changed with the division. Instead they seem to be arguing that because the total value of the Plan assets in 2007 was in excess of the claimed debt owed of $1,039,706.84, Defendants' refusal to make a distribution from the Plan marked a change in their position. (ECF No. 71-1, at 3-4). Plaintiffs previously argued that Defendants were not entitled to withhold any amount of their OPT accounts to cover Plaintiffs' debts because of ERISA's anti-alienation provisions. Plaintiffs' new argument, that they simply objected to Defendants withholding an amount in excess of claimed debt, is disingenuous. It also does not impact the court's prior decision. Defendants repeatedly asserted their entitlement to assets in Plaintiffs' OPT accounts, before and after the Plan division, to cover Plaintiffs' debts. The summary judgment ruling did not hinge on whether Plaintiffs' account balance exceeded its claimed debts in July of 2007.

The potential connection between the typographical error and the court's rulings with respect to counts V and VII of

Plaintiffs' complaint is even more tenuous. Judgment was entered in Defendants' favor with respect to Plaintiffs' request for ERISA Plan documentation in count V because the court determined that the Plan was not covered by ERISA when documentation requests were made in 2007 and any earlier requests were time-barred. Similarly, Plaintiffs' claim for ERISA Plan benefits in count VI was barred by the statute of limitations because Defendants communicated their intent to withhold Plan distributions unequivocally no later than December 26, 2000 and the statute of limitations ran long before Plaintiffs brought this lawsuit. (ECF No. 68, at 16).

Aside from the arguments dependent on the typographical error, the remainder of Plaintiffs' motion to alter or amend contains nothing more than a rehashing of the arguments that Plaintiffs made in their original memoranda. These arguments were considered and rejected in the March 11, 2011 opinion and order and provide no justification for the court to alter or amend its judgment under Fed.R.Civ.P. 59(e).

For all these reasons, Plaintiffs' motion to alter or amend pursuant to Fed.R.Civ.P. 59(e) will be denied.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for relief from judgment will be granted and Plaintiffs' motion to alter or amend judgment will be denied. A separate order will follow.

<pre>
                              /s/
        DEBORAH K. CHASANOW
        United States District Judge
</pre>